## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Stephen Alan Macomber,**

        **Petitioner,**

**v.**                                             **Case No. 15-3214-JWL**

**James Heimgartner,**

        **Respondent.**

### <u>MEMORANDUM & ORDER</u>

      Stephen Alan Macomber, a Kansas prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  In his petition, Mr. Macomber raises three claims stemming from the revocation of his parole—that the state prisoner review board lacked the authority to revoke his parole because the members of the review board were not confirmed by the state senate as purportedly required by state statute; that the review board failed to appoint counsel for Mr. Macomber in connection with the revocation hearing and failed to comply with a state regulation requiring that the grounds for refusing counsel be written in the record; and the review board unreasonably and unnecessarily delayed his revocation hearing until two years after he was taken into custody.  As will be explained, the court denies Mr. Macomber's petition for habeas relief.

*Procedural History*

      Stephen Alan Macomber was serving sentences for multiple aggravated robbery and aggravated battery charges from 1987 and 1992 when he was paroled to Shawnee County.

While on parole, he committed numerous additional serious crimes, including killing a man, robbing a bank, shooting a deputy, stealing the deputy's vehicle, and breaking into a woman's home and holding her hostage.  The Kansas Department of Corrections issued a parole violation warrant based on the new crimes.  The Kansas Prisoner Review Board waited nearly two years (until Mr. Macomber was convicted and sentenced in the new cases) before holding Mr. Macomber's revocation hearing.  Prior to the revocation hearing, Mr. Macomber requested the appointment of counsel to assist him in challenging the "legitimacy" of the review board and his request was denied.  Ultimately, the review board revoked Mr. Macomber's parole.  Mr. Macomber filed a state habeas petition alleging that he was being unlawfully restrained.  The district court denied his motion and, on appeal, the Kansas Court of Appeals affirmed the district court's decision.  *See Macomber v. KDOC, Prisoner Review Board*, 2015 WL 1636899 (Kan. Ct. App. Apr. 3, 2015).

*Standard*

28 U.S.C. § 2254 governs the review of habeas petitions and focuses on how the state court resolved the claim.  *Williams v. Trammell*, 782 F.3d 1184, 1191 (10th Cir. 2015) (citing *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011)).  For claims that the state court adjudicated on the merits, the court will grant habeas relief only if a petitioner establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was

based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." *Id*. (quoting 28 U.S.C. § 2254(d)(1)-(2)).[1]

*Discussion*

Mr. Macomber first argues that his Fourteenth Amendment due process rights were violated because the review board lacked the authority to revoke his parole. Specifically, Mr. Macomber contends that the members of the review board were not confirmed by the state senate as required by the state statute purportedly in effect at that time. Interpreting the various state statutes at issue, the Kansas Court of Appeals held that the confirmation requirement did not apply to the review board and that the board was fully authorized to revoke Mr. Macomber's parole. *See Macomber v. KDOC, Prisoner Review Board*, 2015 WL 1636899, at *4-6 (Kan. Ct. App. 2015). The state court's interpretation of Kansas's statutes is insulated from this court's review and Mr. Macomber's claim is foreclosed. *See Heard v. Addison*, 728 F.3d 1170, 1174-75 (10th Cir. 2013); *Smith v. Dinwiddie*, 510 F.3d 1180, 1190 (10th Cir. 2007) (a state court's interpretation of a state statute is a matter of law binding on the court in habeas proceedings); *Callis v. Ortiz*, 247 Fed. Appx. 112 (10th Cir. 2007) (state prisoner's claim challenging state court's interpretation of statute governing parole was not cognizable in federal habeas corpus).

For his second claim, Mr. Macomber contends his Fourteenth Amendment due process rights were violated because the review board failed to appoint counsel for Mr. Macomber in connection with the revocation hearing and failed to comply with an administrative regulation

---

[1] In this case, the state court adjudicated all of Mr. Macomber's claims on the merits and it is undisputed that Mr. Macomber exhausted his claims in state court.

requiring that the grounds for refusing counsel be "stated in writing." *See* K.A.R. § 44-9-502(f). The Kansas Court of Appeals rejected this claim as well, concluding that Mr. Macomber requested counsel for the sole purpose of refuting the legitimacy of the review board and the pertinent regulation plainly did not authorize the board to appoint counsel in that instance. *See Macomber*, 2015 WL 1636899, at *8-9. The court also determined that the board, consistent with the regulation, had explained in writing its reasoning for denying the request. *Id*. at *9.[2]

Mr. Macomber has not established that the Kansas Court of Appeals' decision was based on an unreasonable determination of facts in light of the evidence presented or that the decision was contrary to or involved an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1) & (2); *see Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (counsel should be appointed in context of parole revocation hearing when probationer or parolee asserts colorable claim that he has not committed the alleged violations of the conditions upon which he is at liberty or that there are substantial reasons which justified or mitigated the violations that make revocation appropriate; a decision as to the need for counsel must be made on case-by-case basis in the sound discretion of state authority charged with administering parole system). He does not suggest that he sought counsel to contest the charges against him and, in fact, he concedes that he desired counsel to "protect" him from the board's "lack of neutrality." The record, then, reveals that the state court reasonably and appropriately applied federal law in resolving Mr. Macomber's claim and that it reasonably determined the facts in light of the evidence presented. In such circumstances, the court may not grant habeas relief to Mr. Macomber with respect to

---

[2] The record reflects that the board, on Mr. Macomber's Final Violation Hearing Testimony Request/Waiver Form, indicated that the request for counsel was denied because Mr. Macomber "wanted an attorney to question the legality of the [review board], not to question his charges."

his claim concerning the board's failure to appoint counsel.  With respect to his assertion that the board did not express in writing the reasons for denying Mr. Macomber's request for appointed counsel, the violation of a procedural requirement set forth in state law is not grounds for federal habeas relief in the absence of a constitutional due process violation.  *McHam v. Workman*, 2007 WL 2557762, at *2 (10th Cir. Sept. 5, 2007).  Because Mr. Macomber identifies no due process violation stemming from the alleged failure to explain in writing the reason for denying his request for counsel, the claim necessarily fails.

For his final claim, Mr. Macomber asserts that his due process rights were violated because the review board unreasonably and unnecessarily delayed his revocation hearing until two years after he was taken into custody—at the conclusion of the three cases against him and just after he was sentenced in his final trial.  The crux of Mr. Macomber's complaint is that he was denied the opportunity to serve at least part of the sentence imposed for the parole violation concurrently with the time he was incarcerated for the crimes committed while on parole.  With respect to this claim, the Kansas Court of Appeals held that Mr. Macomber did not establish a violation of his due process rights because the delay was both reasonable and a result of Mr. Macomber's own criminal actions.  *Macomber*, 2015 WL 1636899 at *10.  The court also held that Mr. Macomber had shown no prejudice by the delay, which was fatal to his claim.  *See id*.

As with his previous claim, Mr. Macomber cannot establish that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented or that it involved an unreasonable application of federal law.  As noted by the Kansas Court of Appeals, both state and federal law clearly establish that the review board's decision to defer a revocation hearing until after Mr. Macomber was convicted on the underlying violations did not

offend Mr. Macomber's due process rights. *See Moody v. Daggett*, 429 U.S. 78, 86 (1976) (parole board was free to defer a final decision on parole revocation until expiration of subsequent sentence; petitioner was not deprived of opportunity to serve sentences concurrently because parole commission had power to grant, retroactively, the equivalent of concurrent sentences and mere issuance of warrant had no present or inevitable effect on petitioner's liberty interests); *State v. Hall*, 287 Kan. 139, 153 (2008) (a defendant who was incarcerated in a Kansas prison for 6 years had not been deprived of due process of law when the authorities in another Kansas county waited for his release to execute a probation violation warrant); *State v. Christie*, 2014 WL 2224864 at *4 (Kan. App. 2014) (thirteen-year delay was not unreasonable when inmate had been serving a sentence in another state but was brought back for his revocation once released from the other state). In fact, because it is the execution of the revocation warrant rather than the issuance of the revocation warrant that triggers the due process time limits for the revocation hearing, Mr. Macomber's claim—which appears to measure the delay not from the execution of the warrant but from the issuance of the warrant— cannot establish a constitutional violation. *See Small v. Britton*, 500 F.2d 299, 301-02 (10th Cir. 1974).[3] To the extent that Mr. Macomber's claim can be construed as asserting a due process violation stemming from the failure to execute the warrant earlier, the Circuit has recognized

---

[3] While the record is not entirely clear, it appears that the warrant was not executed until just prior to the revocation hearing. But even if the warrant was executed near the time it was issued, Mr. Macomber's claim necessarily fails because he would not be able to establish prejudice. It is clear that he was being held on the new charges such that any deprivation of his liberty interest would have occurred regardless of whether the parole revocation warrant was executed.

that completion of service of the intervening state sentence is a sufficient justification to delay execution of the warrant. *Id*. at 302.

For the foregoing reasons, Mr. Macomber's habeas petition is denied. Moreover, the court concludes that a certificate of appealability should not issue in this case. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). With respect to the claims denied above, for the same reasons stated, Mr. Macomber has not satisfied the requisite standard.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Macomber's petition for relief under 28 U.S.C. § 2254 is **denied** and the court **denies** a certificate of appealability on the claims raised therein.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2016, at Kansas City, Kansas.

7

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge